1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARLA SANDOVAL, et al.,

        Plaintiffs,

    v.

AT&T MOBILITY SERVICES LLC, et al.,

        Defendants.

Case No.  16-cv-03406-PJH

**ORDER RE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. No. 35

The court assumes that the parties are familiar with the facts and procedural history of both this action (the "Sandoval Action") and <u>Rodriguez et al. v. AT&T Mobility Services et al.</u>, 3:16-cv-4567 WHO (the "Rodriguez Action").  On February 7, 2018, plaintiffs from both the Sandoval Action and the Rodriguez Action (herein, "plaintiffs") jointly filed in this court an unopposed motion for preliminary approval of class action settlement (the "motion").  That motion also requests the court grant plaintiffs leave to file an amended complaint that adds the Rodriguez Action's plaintiffs and causes of action.

The court has had the opportunity to review plaintiffs' motion and the supporting documents.  For at least the three reasons set forth below, the court believes there are serious impediments to granting plaintiffs' motion.

First, plaintiffs' motion is premature under the parties' own settlement agreement.  Paragraph 70 of the parties "Joint Stipulation of Class Action Settlement and Release" (the "Settlement Agreement") states:

> Prior to filing a motion for preliminary approval, Plaintiffs <u>shall obtain dismissal of the Rodriguez Action</u> without prejudice, and <u>will file an amended complaint in the Sandoval Action</u> by stipulation that include[s] Plaintiffs Rodriguez and Khadadoorian as named Plaintiffs, and that include[s] the claims originally raised in the Rodriguez Action.

Settlement Agreement ¶ 70 (emphasis added). Because the parties have completed neither of these prerequisites, plaintiffs' motion, as it currently stands, would be denied.

Further, parties to the Rodriguez Action have made representations to Judge Orrick that directly contradict Paragraph 70 of the Settlement Agreement. Specifically, on February 13, 2018, the parties in that action requested that Judge Orrick continue a February 20, 2018 case management conference to June 26, 2018, because "if the settlement [in the Sandoval Action] is approved, [the Rodriguez Action] will be consolidated with Sandoval for settlement purposes and then dismissed." Rodriguez Action, Dkt. 32 ¶¶ 1-3. As noted above, under the Settlement Agreement, plaintiffs were required to do the opposite—dismiss the Rodriguez Action and amend the complaint by stipulation to add the Rodriguez plaintiffs <u>before</u> filing the pending motion.

This makes sense. The court cannot consider, order notice, and approve a class action settlement for a matter pending before a different court. If the parties want this court to consider and approve a settlement involving parties and claims from both actions, the parties must follow proper procedure to incorporate the <u>Rodriguez</u> causes of action and named plaintiffs into this action first. Otherwise the two cases will have to be resolved individually.

Second, plaintiffs' motion and the Settlement Agreement contemplate that $125,000 of the settlement fund will be used to pay separate consideration to certain class members who release claims that could have been brought under the Fair Labor Standards Act (the "FLSA"). However, there is no FLSA cause of action alleged in the Sandoval Action, in the Rodriguez Action, or in the proposed amended complaint. Further, because the motion provides no argument on the matter, it is at best unclear if the Settlement Agreement complies with notice and collective action certification procedures required by the FLSA. Nor is it clear whether the parties believe they do not have to comply with the notice requirements of the FLSA. Without additional information on these points, including the scope of the proposed FLSA collective action, the court would be unable to approve this aspect of the settlement.

Third, the parties' supporting papers are sometimes substantively inconsistent. For example, the Settlement Agreement and proposed class notice set forth contradictory payment calculations. The Settlement Agreement defines the "non-Ly Settlement Subclass" as "all Class Members who were not also Ly Settlement Class Members" and provides that each member of that subclass "shall be assigned an additional 1 point for each of that individual's workweeks during the Class Period." See Settlement Agreement ¶¶ 6, 43(b), 44(b). The proposed class notice states the opposite: "[E]ach Class Member who was also a class member in the Ly Action and did not opt-out of the Ly Action will receive an additional point." Dkt. 37-1, Ex. A at 4-5. The court will not approve a class notice that does not accurately reflect the parties' agreement.

In addition to substantive inconsistencies, the supporting papers contain a number of drafting errors. For example, the Settlement Agreement states "All Individual Settlement Payments will be allocated as follows: . . . (ii) seven five percent (90%) will be allocated toward non-wages for which IRS Forms 1099-MISC will be issued." Settlement Agreement ¶ 65 (emphasis added). The proposed class notice contains similar errors. See, e.g., Dkt. 37-1, Ex. A at 4 ("the Net Settlement Amount has be allocated to resolve" (emphasis added)); Ex. A at 5 (same).

Because the court has continued the hearing on plaintiffs' motion to March 28, 2018, the court will provide the parties an opportunity to address the above issues by March 14, 2018. At minimum, if the parties wish the court to consider the pending motion, the parties must cure the Paragraph 70 issue, explain the FLSA issues in a jointly filed supplemental brief of no more than ten pages, and ensure the class notice accurately reflects the parties' agreement. The parties must file any amended supporting documents and a PDF redline showing what changes were made.

**IT IS SO ORDERED.**

Dated: February 23, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge