David H. Yeremian, Cal. Bar No. 226337
david@yeremianlaw.com
DAVID YEREMIAN & ASSOCIATES, INC
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

Attorneys for Plaintiffs KARLA SANDOVAL, FERNANDO FELIX, MARIANA VASQUEZ, VALERIE CALDERON, AND ARIANA MORENO, MARCO RODRIGUEZ and ADEN KHACHADOORIAN MAMORE on behalf of themselves and others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARLA SANDOVAL, FERNANDO FELIX, MARIANA VASQUEZ, VALERIE CALDERON, ARIANA MORENO, MARCO RODRIGUEZ and ADEN KHACHADOORIAN MAMORE, on behalf of themselves, and others similarly situated,

Plaintiffs,

vs.

AT&T MOBILITY SERVICES, LLC, a Delaware limited liability company; AT&T SERVICES, INC., a Delaware corporation; PACIFIC BELL TELEPHONE COMPANY, a California corporation; AT&T, a business entity of unknown form; and DOES 1 through 50, inclusive,

Defendants.

Case No. 16-cv-03406-PJH

**~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND NOTICE AND SETTING FINAL APPROVAL HEARING AS MODIFIED BY THE COURT**

Date: April 4, 2018
Time: 9:00 a.m.
Crtrm: 3

The motion of Plaintiffs Karla Sandoval, Fernando Felix, Mariana Vasquez, Valerie Calderon, Ariana Moreno, Marco Rodriguez and Aden Khachadoorian Mamore (hereinafter "Plaintiffs") came before this Court for an order (1) Conditionally Certifying the Settlement Class; (2) Preliminarily Approving Class Action Settlement; (3) For Leave to file the First Amended

Complaint; (4) Directing Distribution of Notice Packet; and (5) Setting Hearing For Final Approval of the Settlement. The Court has considered the Joint Stipulation of Class Action Settlement and Release, the Addendum and the proposed Notice Packet, the submissions of counsel, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore, the Court at the hearing granted preliminary approval of the class action settlement and the Court hereby finds and orders as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Joint Stipulation of Class Action Settlement and Release and Addendum executed by the settling parties and filed with this Court, including any amendments thereto (collectively the "Agreement").

2. Plaintiffs brought this class-action lawsuit on behalf of all current and former employees employed by Defendant in the state of California during the period from May 6, 2012 through July 29, 2017 (the "Class Period") in the position of a Retail Sales Consultant ("RSC") or Sales Support Representative ("SSR") (the "Class Members"). There are two subclasses:

a. The Non-*Ly* Settlement Subclass means all Class Members who were not also *Ly* Settlement Class Members.

b. The Vacation Wages Settlement Subclass means all Class Members, as well as any other employees of Defendant who during the Class Period were employed by Defendant in California and were subject to Defendant's collective bargaining agreements with the Communications Workers of America Union during the Class Period, who were not eligible for payment of accrued but unused vacation wages upon termination during the Class Period under the terms of Defendant's collective bargaining agreements with the Communications Workers of America Union in effect during the Class Period.

3. The complaint alleges class claims against Defendant AT&T Mobility Services, LLC. ("Defendant") for violation of Labor Code § 227.3; Failure to Pay Minimum Wages; Failure to Pay Wages and Overtime in Violation of Labor Code § 510; Violation of Labor Code § 226; violation of

Labor Code § 221; Violation of Labor Code § 203; Violation of Business and Professions Code § 17200, *et seq.*; Penalties Pursuant to Labor Code § 2699, *et seq.*; and, Failure to Pay Wages Under the FLSA, 29 USC §§ 206, 207 for work performed in the State of California from four (4) years prior to the filing of the original complaint.

4. The class consists of approximately 8,150 current and former employees of Defendant. Pursuant to the Agreement Defendant has agreed to pay $1,100,000.00 on a non-reversionary common fund basis to resolve the claims of Class Members. This is a cash payout of the net settlement amount, i.e., the amount available for distribution to Participating Class Members as Individual Settlement Payments to Participating Class Members, after deducting all FLSA Settlement Payments to Participating Class Members who also elect to provide an FLSA Release in exchange for the FLSA Settlement Payment, the PAGA Payment to the California Labor Workforce Development Agency ("LWDA"), all Attorneys' Fees and Costs to Class Counsel, Class Representative Enhancement Payments, Settlement Administration Costs paid to the Settlement Administrator, and any employer-side payroll taxes required by law.

5. The Court finds on a preliminary basis that the Settlement memorialized in the Agreement is within the range of reasonableness and hereby grants preliminary approval of the Settlement.

6. The Court conditionally approves, for the purposes of preliminarily approving this Settlement only and for no other purpose and with no other effect on the Action, including no effect on the Action should the Agreement not ultimately be approved or should the Effective Date not occur, an opt-out class under Rule 23, Federal Rules of Civil Procedure, and an opt-in class under 29 USC § 216(b) for the FLSA claim, that is defined as all current and former employees employed by Defendant in the state of California during the period from May 6, 2012 through July 29, 2017 (the "Class Period") in the position of a Retail Sales Consultant ("RSC") or Sales Support Representative ("SSR") (the "Class Members"). There are two subclasses:

a. The Non-*Ly* Settlement Subclass means all Class Members who were not also *Ly* Settlement Class Members.

b. The Vacation Wages Settlement Subclass means all Class Members, as well as any other employees of Defendant who during the Class Period were employed by Defendant in California and were subject to Defendant's collective bargaining agreements with the Communications Workers of America Union during the Class Period, who were not eligible for payment of accrued but unused vacation wages upon termination during the Class Period under the terms of Defendant's collective bargaining agreements with the Communications Workers of America Union in effect during the Class Period.

The court finds that the proposed Class and each Subclass potentially meet~~s~~ the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure and 29 USC § 216(b): (a) the proposed Classes is ascertainable and so numerous that joinder of all members of the classes are impracticable; (b) there are questions of law or fact common to the proposed Classes; (c) the claims of Plaintiffs are typical of the claims of the members of the proposed Classes; (d) Plaintiffs will fairly and adequately protect the interests of the Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for Plaintiffs is qualified to serve as counsel for Plaintiffs in their own capacity as well as their representative capacity and for the Class. As discussed at the hearing, Class Counsel's motion for final approval of the settlement must provide evidence that the proposed classes satisfy the Rule 23 requirements.

7. The Court hereby appoints Plaintiffs Karla Sandoval, Fernando Felix, Mariana Vasquez, Valerie Calderon, Ariana Moreno, Marco Rodriguez and Aden Khachadoorian Mamore as Class Representatives for the Classes. The Court appoints David Yeremian of David Yeremian & Associates, Inc. as Class Counsel.

8. The Court hereby appoints CPT Group, Inc., as the Claims Administrator.

9. The settling parties have also presented to the Court for review a plan to provide notice to the proposed Class of the terms of the Settlement and the options facing them including,

*inter alia*: to object to the Settlement or to request exclusion from the Settlement. The notice plan proposed by the Parties in the Agreement is the best notice practicable under the circumstances. The Notice of Class Action Settlement ("Notice Packet") attached as Exhibit A to the Stipulation of Settlement and to this Order, is hereby approved. The Claims Administrator shall mail Exhibit A to the Class Members pursuant to the applicable provisions in the Agreement. Defendant shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Agreement.

10. The Court hereby establishes the following deadlines:

| | |
|---|---|
| **APRIL 26, 2018:** | Deadline for Defendant to provide Claims Administrator with list of Class Members and contact information. |
| **MAY 10, 2018:** | Deadline for Claims Administrator to mail Notice Packet. |
| **JUNE 26, 2018:** | Deadline for Class Counsel to file and serve motion for approval of attorneys' fees, costs and Class Representative payments |
| **JULY 10, 2018:** | Deadline for Class Members to postmark or deliver objections or requests for exclusion to the Settlement to the Claims Administrator. |
| **JULY 25, 2018:** | Deadline for Class Counsel to file and serve motion for final approval of Settlement. |
| **AUGUST 8, 2018** | Final Approval Hearing at 9:00 a.m. |

11. Individual Class Members may be heard at the Final Approval Hearing, either personally or through their counsel, only if they have not filed a request for exclusion.

12. The Parties shall respond to any written objection to the Settlement in their motion for final approval, which motion shall be filed and served by July 25, 2018. The Final Approval Hearing is set for August 8, 2018 at 9:00 a.m. in Courtroom 3 of this Court. In addition, at the Final Approval Hearing, Class Counsel shall be prepared to address any objections to the Settlement and to provide other information as appropriate bearing on whether or not the Settlement should be finally approved.

13. In the event that the Effective Date occurs, all Class Members who do not timely and validly exclude themselves from the Class will be deemed to have forever released and discharged the Released Claims. Class Members who cash their Individual FLSA Settlement Payment will be deemed to have forever released and discharged the Released FLSA Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Agreement shall be deemed null and void and shall have no effect whatsoever.

**IT IS SO ORDERED.**

DATED: April 6, 2018

The Honorable Phyllis J. Hamilton
United States District Judge

# EXHIBIT A

CLASS MEMBER #
[FIRST] [LAST]
[ADDRESS1] [ADDRESS2]
[CITY], [STATE] [ZIP], [COUNTRY]

# NOTICE OF CLASS ACTION SETTLEMENT

## THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.

**If You are a Current or Former Hourly (Non-Exempt) Retail Sales Consultant ("RSC") or Sales Support Representative ("SSR") of AT&T Mobility Services, LLC ("AT&T Mobility" or "Defendant") in California and You Received This Notice:**

***You May Be Eligible to Participate in a Class Action Settlement*.**

*A court authorized this notice. This is not a solicitation or an advertisement. This is not a lawsuit against you, and you are not being sued. However, your legal rights will be affected whether you act or not.*

## WHAT IS IN THIS NOTICE


1. Why Should You Read This Notice? ............ Page 1
2. What Is the Case About? ............ Page 2
3. What are the Terms of the Settlement? ............ Page 3
4. How Much Can I Expect to Receive? ............ Page 4
5. What if I Dispute the Number of Pay Checks I'm Credited? ............ Page 5
6. Who Is the Plaintiff in This Class Action? ............ Page 6
7. Who Are the Attorneys Representing the Parties? ............ Page 6
8. What Options Do I Have? What Are my Rights? ............ Page 7
9. How Can I Get Additional Information? ............ Page 9


### *1. Why Should You Read This Notice?*

This Notice of Class Action Settlement (the "Notice") is to inform you that the parties have agreed to a proposed settlement in the class action lawsuit entitled *Sandoval v. AT&T Mobility Services LLC, et al.*, Case No. 4:16-cv-03406-PJH ("the Sandoval Action") and *Rodriguez v. AT&T Mobility Services LLC, et al.*, Case No. 3:16-cv-04567-WHO (the "Rodriguez Action") (collectively, the "Lawsuits"). The Lawsuits were filed in the United States District Court for the Northern District of California. This Notice was approved by the Court presiding over the Sandoval Action (the "Court").

The terms and conditions of the proposed settlement (the "Settlement") are stated in full in a written Joint Stipulation of Class Action Settlement and Release and Addendum (collectively the "Settlement Agreement"). This Notice summarizes the terms and conditions of the Settlement and has been sent to you to inform you of the Settlement and your rights as part of the Settlement.

On April 5, 2018, the Court granted preliminary approval of the Settlement (the "Preliminary Approval Date"), and the Court determined only that there is sufficient evidence to suggest that the proposed settlement might be fair, adequate and reasonable, and that any final determination of those issues will be made at the final approval hearing. The Court also directed that this Notice be sent to Class Members advising them of the proposed Settlement.

You have received this Notice because AT&T Mobility's records indicate you are a Class Member. A "Class Member" is a current or former employee of AT&T Mobility who worked in the state of California during the period beginning May 6, 2012 and ending July 29, 2017 (the "Class Period") in the position of a Retail Sales Consultant ("RSC") or Sales Support Representative ("SSR").

The Settlement will settle, resolve, and release Class Members' claims on the terms and conditions set forth in the Settlement Agreement, and as summarized below.

The Court will hold a Final Fairness Hearing concerning the proposed settlement on August 8, 2018 at 9:00 a.m., in Courtroom 3 on the 3rd floor of the United States District Court, Northern District of California located at 1301 Clay Street, Oakland, CA 94612. The Settlement Fairness Hearing may be continued to another date without further notice.

This Notice tells you of your rights as part of the Settlement and the Settlement Fairness Hearing. This Notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in the Lawsuits. This Notice is sent for the sole purpose of informing you of the pendency of the Lawsuits and the terms of the proposed Settlement so that you can make your own decisions. In the event of any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

## ***2. What Is the Case About?***

On May 5, 2016, Karla Sandoval, Fernando Felix, Valerie Calderon, Mariana Vasquez, and Ariana Moreno file the Sandoval Action and alleged that the Class Members were not paid all vacation wages that were due and owing to them at the time of their separation from employment in violation of the California Labor Code and that Defendant did not comply with applicable law concerning the wage statements of Class Members. The Sandoval Action further alleged that Defendant engaged in unfair competition, and seeks recovery of statutory penalties, civil penalties, interest, attorneys' fees and costs.

On May 18, 2016, Marco Rodriguez and Aden Khachadoorian Mamore filed the Rodriguez Action and alleged that Class Members were not paid for all hours worked, were denied minimum wage as well as overtime wage premiums and that Defendant did not comply with applicable law concerning Class Members' wage statements and final pay. The Rodriguez Action further alleged that Defendant engaged in unfair competition, and seeks recovery of statutory penalties, civil penalties, interest, attorneys' fees and costs.

AT&T Mobility denies the allegations in the Lawsuits, and maintains that Class Members were paid for all wages owed, including overtime wages, were provided with accurate wage statements, and were paid all wages owed in a timely manner to the extent required by law. In addition, AT&T Mobility asserted as a defense in the Lawsuits a prior settlement and release that was finally approved

in a different case involving the same types of claims: *Tran Ly v. AT&T Mobility Services, LLC*, S.D. Cal., Case No. 3:14-cv-01686 (the "Ly Action"). Some of the Class Members in the Lawsuits were also class members in the Ly Action.

The parties have since entered into a Settlement Agreement, which has been given preliminary approval by the Court. If you are a Class Member, **you need not take any action to receive a settlement payment**, but you have the opportunity to request exclusion or object to the settlement if you so choose, as explained more fully below.

The settlement represents a compromise and settlement of highly disputed claims. Nothing in the settlement is intended or will be construed as an admission by the Defendant that the claims in the Lawsuits have merit or that the Defendant has any liability to the Plaintiffs or to the Class Members. The Plaintiffs and the Defendant, and their respective counsel, have concluded and agree that, in light of the risks and uncertainties to each side of continued litigation, the settlement is fair, reasonable and adequate, and is in the best interests of the Class Members.

### ***3. What are the Terms of the Settlement?***

Without admitting any wrongdoing, AT&T Mobility has agreed to pay up to $1.1 Million (the "Gross Settlement Amount") in U.S. dollars to fully resolve all claims in the Lawsuits, including claims by eligible Class Members, attorneys' fees, costs, payments to the California Labor Workforce Development Agency ("LWDA"), settlement administration costs and a service payment to the class representative service.

The Parties agreed to the following payments from the Settlement Amount:

Settlement Administration Costs. The Court has approved CPT Group, Inc. to act as the "Settlement Administrator," who is sending this Notice to you and will perform many other duties relating to the Settlement. Under the Settlement, a maximum of $49,000 will be paid from the Gross Settlement Amount to pay the Settlement Administration Costs.

Penalties to the California Labor Workforce and Development Agency. $50,000 of the Gross Settlement Amount will be paid to the LWDA in satisfaction of the claims for penalties under the Private Attorneys General Act of 2004 ("PAGA").

Attorneys' Fees and Expenses. Class Counsel, which includes two law firms, have been prosecuting the Lawsuits on behalf of the Class Members on a contingency fee basis (that is, without being paid any money to date) and have been paying all litigation costs and expenses. The Court will determine the actual amount awarded to Class Counsel as attorneys' fees, which will be paid from the Settlement Amount. Class Members are not personally responsible for any of Class Counsel's attorneys' fees or expenses. Class Counsel will ask for fees not to exceed thirty percent, or $330,000, of the Gross Settlement Amount as reasonable compensation for the work Class Counsel performed and will continue to perform in this Lawsuit through Settlement finalization. Class Counsel also will ask for reimbursement of their actual costs incurred in connection with the Lawsuit (estimated to be no more than $13,000), which will also be paid out of the Gross Settlement Amount.

Class Representative Enhancement Payments to Plaintiffs. Class Counsel will ask the Court to award each of the Plaintiffs who brought the Lawsuits a service payment in the amount of $5,000 to compensate each of them for services and the work each provided on behalf of the Class Members. Each Plaintiff also may receive a share of the Settlement as a Class Member.

FLSA Settlement Amount. $125,000 of the Gross Settlement Amount will be used to pay Class Members who opt-in and agree to release claims alleged under the Fair Labor Standards Act (the "FLSA") by cashing the check entitled "FLSA Individual Settlement Payment" based on the formula set forth in Section 4 below.

Employer-side payroll taxes. $________ of the Gross Settlement Amount will be used to pay state and federal employer-side payroll taxes on any wage portion of the Net Settlement Amount.

The amount of the Gross Settlement Amount remaining after subtracting these payments is called the "Net Settlement Amount," which is estimated to be approximately $_______ and will be paid to the Class Members who do not opt-out of the Settlement based on the formula set forth in section 4 below.

For the Settlement to become effective and you to receive any money as part of the Settlement, the Court must grant final approval at the Settlement Fairness Hearing concerning the terms and conditions of the Settlement. The Settlement will affect all participating members of the class as explained in this Notice. You may get money from the class action settlement unless you exclude yourself (i.e,. opt-out) from the Settlement as explained below.

Your individual settlement payment and FLSA Individual Settlement Payment will be paid within thirty five (35) calendar days after the final approval of the settlement by the court, or if there are objectors, within thirty five (35) calendar days of receiving final court approval of the Settlement **and** the expiration of the time to file appeals or the resolution of any appeals filed.

## *4. How Much Can I Expect to Receive?*

As noted above, each Class Member is eligible to receive two payments from the Net Settlement Amount: (1) an individual payment as a Class Member; and (2) a payment for releasing claims under the FLSA. This section will explain how many weeks you are credited with working for each payment and how much your estimated payment is for each.

### Individual Class Member Settlement Payment

Your individual settlement payment as a Class Member will be calculated as follows:

First, an amount equal to 65% of the Net Settlement Amount has been allocated to resolve claims asserted in the Rodriguez Action. All Class Members are members of the Rodriguez Action. The Settlement Administrator will add up the total number of pay periods that each Class Member worked in an RSC or SSR Position between May 6, 2012 and July 29, 2017, and assign each Class Member one point for each workweek they worked during that time period. Then, each Class Member who

was not also a class member in the Ly Action or opted-out of the Ly Action will receive an additional point for each pay period worked in that time frame. The combined number of points that each Class Member has at the end of this process shall be his or her Aggregate Rodriguez Workweek Number, and the ratio of the Class Member's number to the total Rodriguez Workweek Numbers for the entire Class shall determine his or her share of the Rodriguez Net Settlement Amount.

If you are also a member of the Sandoval Action you will be entitled to an additional settlement share. An amount equal to 35% of the Net Settlement Amount has been allocated to resolve claims asserted in the Sandoval Action (the Sandoval net Settlement Amount). The Settlement Administrator will add up the total number of pay periods that each Class Member who is also a member of the Sandoval Action worked in an RSC or SSR Position between May 6, 2012 and July 29, 2017, and assign each Class Member one point for each workweek they worked during that time period. Then, each Class Member who was not also a class member in the Ly Action or opted-out of the Ly Action will receive an additional point for each pay period worked in that time frame. The combined number of points that each Class Member has at the end of this process shall be his or her Aggregate Sandoval Number, and the ratio of the Class Member's number to the total Sandoval Numbers for the entire Class shall determine his or her share of the Sandoval Net Settlement Amount.

The payments representing each Class Member's share of the Rodriguez and Sandoval Net Settlement Amounts will be combined into a single check representing each Class Member's Individual Settlement Share.

**AT&T MOBILITY'S RECORDS INDICATE YOU WORKED ___ WORKWEEKS BETWEEN MAY 6, 2012 AND JULY 29, 2017.**

**AT&T MOBILITY'S RECORDS INDICATE THAT YOU ARE/ARE NOT ALSO A MEMBER OF THE SANDOVAL ACTION.**

**AT&T MOBILITY'S RECORDS INDICATE THAT YOU WERE/WERE NOT A CLASS MEMBER IN THE LY ACTION.**

**YOUR INDIVIDUAL SETTLEMENT PAYMENT AS A CLASS MEMBER IS ESTIMATED TO BE APPROXIMATELY $___.**

Twenty-five percent (25%) of the payment will be subject to tax withholding (IRS W2 reporting). The remainder will be paid without tax withholding and will be reported on an IRS Form 1099, and class members shall remain solely responsible for paying any required taxes on the portion of the settlement payment that is reported on the IRS Form 1099.

**<u>Separate Payment for Releasing Claims Under the FLSA</u>**

The Lawsuits also allege unpaid overtime as a collective action under the Fair Labor Standards Act ("FLSA"). In order to participate in an FLSA collective action settlement, you must "opt-in" and agree to release claims alleged under the FLSA, which includes unpaid overtime wages in this case. In order to opt-in to the FLSA portion of the settlement in this case, receive the payment noted below, and release FLSA claims alleged in the Lawsuit, you simply have to cash the check entitled "FLSA Individual Settlement Payment."

Your FLSA Individual Settlement Payment will be calculated as follows. The Settlement Administrator will add up the total number of workweeks that each Class Member worked as an RSC or SSR between May 6, 2013 and July 29, 2017, and assign each Class Member one point for each pay check received during that time period. The combined number of points that each Class Member has at the end shall be his or her FLSA Individual Pay Check Number.

The Settlement Administrator will add all points received by all Class Members to arrive at total number of points received by all Class Members (which is referred to in the Settlement Agreement as the "FLSA Aggregate Pay Check Number"). Each Class Member's FLSA Individual Pay Check Number will then be divided by the FLSA Aggregate Pay Check Number, so that each Class Member receives an equal (pro rata) share of the estimated $125,000 allocation based on the number of points that he/she received during the FLSA period noted above.

**AT&T MOBILITY'S RECORDS INDICATE YOU WORKED ___ WORKWEEKS AS AN RSC OR SSR BETWEEN MAY 6, 2013 AND JULY 29, 2017.**

**YOUR FLSA INDIVIDUAL SETTLEMENT PAYMENT IS ESTIMATED TO BE APPROXIMATELY $___.**

This payment will be subject to standard tax withholdings and deductions (IRS W2 reporting). If you do not wish to participate in the FLSA portion of the settlement or release the FLSA claims alleged in the Lawsuit, do not cash the check entitled "FLSA Individual Settlement Payment."

## ***5. What if I Dispute the Number of Pay Checks I'm Credited?***

If you dispute the information regarding the number of pay checks you were credited during the periods set forth above, you must mail a letter to the Settlement Administrator, at ____________________, explaining your disagreement and return it along with any documentation relating to your disagreement and it must be postmarked no later than **July 10, 2018**. Late letters disputing your pay periods worked will not be considered.

**NOTE: UNLESS YOU DISPUTE THE INFORMATION AS SET FORTH ABOVE, YOU WILL AUTOMATICALLY GET MONEY FROM THE SETTLEMENT UPON FINAL COURT APPROVAL BASED ON THE NUMBER OF PAY CHECKS RECEIVED, AS SET FORTH ABOVE.**

It is your responsibility to ensure the Settlement Administrator has timely received any letter if you are disputing the information on this Notice. You may contact the Settlement Administrator at the toll-free number listed below to ensure it has been received.

It is also your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your Settlement Award.

## *6. Who Are the Plaintiffs in These Lawsuits?*

Marco Rodriguez, Aden Khachadoorian Mamore, Karla Sandoval, Fernando Felix, Mariana Vasquez, Valerie Calderon, and Ariana Moreno the Representative Plaintiff in the Lawsuits. They are acting on behalf of themselves and on behalf of other Class Members in California during the Class Period.

## *7. Who Are the Attorneys Representing the Parties?*

Attorneys for the Plaintiff/Class Members:

| | |
|---|---|
| David Yeremian, Esq.<br>David Yeremian & Associates, Inc.<br>535 N Brand Blvd #705<br>Glendale, CA 91203<br>(818) 230-8380<br>david@yeremianlaw.com | Emil Davtyan, Esq.<br>Davtyan Professional Law Corporation<br>21900 Burbank Blvd #300<br>Woodland Hills, CA 91367<br>(818) 992-2935<br>emil@davtyanlaw.com |

Attorneys for Defendant AT&T Mobility LLC:

| | |
|---|---|
| Max C. Fischer, Esq.<br>Sidley Austin LLP<br>555 West Fifth Street, Suite 4000<br>Los Angeles, CA 90013<br>Tel: (213) 896-6000<br>mfischer@sidley.com | Donna M. Mezias, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>580 California Street<br>San Francisco, CA 94104<br>(415) 765-9500<br>dmezias@akingump.com |

## *8. What Options Do I Have? What Are My Rights?*

**Participate in the Settlement.** Under the Settlement, you will automatically receive a Settlement Payment unless you exclude yourself from the settlement by following the exclusion procedure set forth below.

If you are a current AT&T Mobility employee, your decision as to whether or not to participate in this Settlement will not be considered by the Defendant and the Defendant will not take any adverse employment action against you based on your participation in the Settlement.

**Exclude Yourself from the Settlement.** If you do **not** want a Settlement Payment and do **not** want to participate in the Settlement, you may exclude yourself by sending to the Settlement Administrator a "Request for Exclusion from the Class Action Settlement" letter/card postmarked no later than **July 10, 2018**, with your name, address, telephone number, and signature. The Request for Exclusion should clearly state that you wish to be excluded from the Settlement Class.

Send the Request for Exclusion directly to the Settlement Administrator, [ADDRESS], **by no later than July 10, 2018**. Any person who files a timely Request for Exclusion from the Class Action Settlement shall, upon receipt, no longer be a Class Member, shall be barred from participating in any portion of the Settlement, and shall receive no benefits from the Settlement.

**<u>Object to the Settlement</u>**. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) include your name, address, telephone number, dates of employment at AT&T, each specific reason in support of your objection, and any legal support for each objection, clearly identify the case name and number (*Sandoval v. AT&T Mobility Services LLC, et al.*, Case No. 4:16-cv-03406-PJH), (b) be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before **July 10, 2018**.

Written objections that do not include all required information, or that are not submitted timely, will be disregarded.

You may also object by appearing at the Final Fairness Hearing scheduled for **August 8, 2018** at 9:00 a.m., in Courtroom 3 on the 3rd floor of the United States District Court, Northern District of California located at 1301 Clay Street, Oakland, CA 94612. You have the right to appear at the hearing either in person or through your own attorney at your own expense. Be sure to check the website in section 9 below or the Court's PACER site to confirm that the date for the Final Fairness Hearing has not been changed.

If you object to the Settlement, you will remain a member of the Settlement Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any member of the Settlement Class who does not object in the manner provided above shall have waived any objection to the Settlement, whether by appeal or otherwise.

**<u>Effect of the Settlement on Your Rights – Release of Claims</u>**

Upon the final approval of the settlement by the Court, the Class Members (other than those who timely request to be excluded) will release and discharge AT&T Mobility and the other Released Parties from (1) any and all claims for civil or statutory penalties under California Labor Code § 203 and California Labor Code § 226, (2) any and all claims alleged in the Complaints in the Lawsuits and in Plaintiffs' letters to the LWDA dated April 18, 2016 and April 20, 2016 and (3) any claims that could have been alleged in the Complaints in the Lawsuits based on the facts alleged in the Complaints and/or in the LWDA Letter, arising during the Class Period through the date that the Court grants final approval of this Settlement.

Additionally, those Class Members who cash the FLSA Individual Settlement Payment will also release and discharge AT&T Mobility and the other Released Parties from (1) any and all claims under the FLSA that were alleged in the Complaints or (2) any claims that could have been alleged under the FLSA in the Complaints based on the facts alleged in the Complaints and/or in the LWDA Letter ("the FLSA Release"), arising during the Class Period through the date that the Court grants

final approval of this Settlement. Any Participating Class Member who cashes the check for his or her Individual FLSA Settlement Payment will be deemed to have consented to and opted into the Action for purposes of the FLSA. Only those Participating Class Member who cash their checks for the Individual FLSA Settlement Payment shall be considered to have Released FLSA Claims. The Individual FLSA Settlement Payment constitutes separate consideration for a Participating Class Member's release of his or her FLSA claims pursuant to the release in this Agreement.

## *9. How Can I Get Additional Information?*

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement and Addendum available at www.____________.com, by contacting class counsel at (818) 230-8380, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS..

**Sandoval v. AT&T Mobility Settlement Administrator:**
[NAME]
[ADDRESS and TELEPHONE NUMBER]